**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Wiggs,<br><br>  Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>  Respondents. | No. CV-19-00274-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Eileen S. Willett's Report and Recommendation ("R&R") (Doc. 22) to dismiss Petitioner Jeffrey Wiggs' Amended Petition for Writ of Habeas Corpus (the "Amended Petition"). (Doc. 11.) The Court has reviewed the Amended Petition (Doc. 11), Respondents' Response to the Amended Petition (Doc. 18), Petitioner's Reply (Doc. 20), and the R&R (Doc. 22). No party has objected to the R&R. For the reasons expressed below, the Court accepts and adopts the R&R in its entirety.

**I.  BACKGROUND**

An Arizona Superior Court jury convicted Petitioner on two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor on March 20, 2014. (Doc. 18-1 at 223.) He was sentenced to concurrent terms of 10 years' imprisonment, with credit for 29 days of pre-sentence incarceration. *See State v. Wiggs*, No. 1 CA-CR 14-0294, 2015 WL 1455201, at *2 (Ariz. App. Mar. 31, 2015). Petitioner appealed his convictions, which the Arizona Court of Appeals affirmed on March 31, 2015.

*See id.* Petitioner then appealed to the Arizona Supreme Court, which denied his request for further review. (Doc. 18-1 at 359.) On December 4, 2015, the Arizona Court of Appeals filed its mandate. (*Id.* at 330.)

In November 2015, Petitioner filed a Notice of Post-Conviction Relief. (*Id.* at 360–62.) Petitioner's appointed counsel submitted his Notice of Completion, stating that he "tenders a good faith belief that no basis in fact and/or law for post-conviction relief exists on this record." (*Id.* at 363.) Petitioner then filed a *pro se* post-conviction relief petition. (*Id.* at 366–421.) The Arizona Superior Court denied post-conviction relief. (Doc. 18-2 at 41–43.) Petitioner appealed, but the Arizona Court of Appeals affirmed the superior court's ruling. *See State v. Wiggs*, No. 1 CA-CR 16-0579 PRPC, 2017 WL 3187332 (Ariz. App. July 27, 2017). The Arizona Supreme Court denied further review. (Doc. 18-4 at 66.) Petitioner then timely initiated this federal habeas proceeding. (Doc. 1.)

## II.   LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, a federal district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews *de novo* those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection made to a magistrate judge's R&R "requires '*specific written objections* to the proposed findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)).

## III.   DISCUSSION

The R&R recommends that the Amended Petition be denied. (Doc. 22.) The R&R

concludes that Petitioner's first ground for relief, for ineffective assistance of counsel, was procedurally defaulted and that the default was not excused. (*Id.* at 6–11.) After conducting a merits review of Petitioner's ground two claim, for violation of his due process rights, the R&R found that he failed to show that this claim "was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts." (*Id.* at 12–16.) The R&R therefore recommended that this Court dismiss Ground One with prejudice and deny Ground Two on the merits. (*Id.* at 16.) The R&R also instructed the parties that they had "fourteen days" to file an objection, and failure to timely do so "may result in the acceptance of the [R&R] by the District Court without further review." (*Id.*)

The parties did not file objections. Although it has no obligation to do so, the Court nonetheless has reviewed the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court agrees with Magistrate Judge Willett's R&R and adopts it in its entirety. Upon review, the Court also agrees with the R&R's recommendation to deny a certificate of appealability. (Doc. 22 at 16.)

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation. (Doc. 22.)

**IT IS FURTHER ORDERED** denying the Amended Petition (Doc. 11) and dismissing it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability and denying leave to proceed in forma pauperis on appeal.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 31st day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge